IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARTHUR JETER, #326-453,  \*
    Plaintiff
                                   \*

v.                                                                     CIVIL NO. L-06-253
                                   \*

WARDEN OF CENTRAL BOOKING, et al.,
    Defendants.             \*
                              \*\*\*\*\*\*

## MEMORANDUM

Now pending is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The issues have been fully briefed, and no hearing is necessary. See Local Rule 105.6 (D. Md. 2004). For the following reasons, and by separate Order, the Court will GRANT Defendants' Motion, ENTER JUDGMENT in favor of Defendants, and DIRECT the Clerk to CLOSE the case.

**I.     BACKGROUND**

In a complaint dated January 25, 2006, Mr. Jeter filed suit against the Warden of Central Booking,[1] Warden William Filbert of the Baltimore City Detention Center, and Warden Kathleen Green of the Eastern Correctional Institution ("Defendants"). Jeter alleges that Defendants violated his constitutional rights because prison officials they were supervising failed to provide Jeter adequate medical care. Specifically, he claims that they failed to treat his diabetic condition and allowed a blister on his foot to grow into an open sore. The Court construes Jeter's complaint as a 42 U.S.C. § 1983 action stating an Eighth Amendment claim of deliberate

---

[1] Warden Mitchell Franks.

indifference to a serious medical need.[2]

## II.   STANDARD OF REVIEW

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial).  Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party.  See Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987).

## III.   ANALYSIS

Jeter has alleged no personal involvement by any of the named Defendants.  Rather, Jeter appears to contend that these individuals are properly named because they exercise supervisory authority over correctional and medical employees.  The doctrine of respondeat superior does not apply to actions under 42 U.S.C. § 1983.  See  Monell v. New York Dept. of Social Services, 436 U.S. 658, 691 (1978).  Rather, in order to establish supervisory liability in a § 1983 action, a plaintiff must prove:

---

[2]Subsequent to the filing of the instant case, the Court received a letter complaint from Plaintiff alleging on-going medical problems and stating that he believed his leg might require amputation.  The letter was construed as a new civil rights complaint filed against the medical providers and a show cause order issued. That case is proceeding.  See Jeter v. Warden, Civil Action No. L-06-1093 (D. Md. 2006).

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); see also Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference is more than negligence.  As one court explained:

> Generally, a failure to supervise gives rise to a § 1983 liability, . . . only in those situations in which there is a history of widespread abuse.  Only then may knowledge be imputed to the supervisory personnel.  A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability.

Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983) (citations and footnote omitted).

     Plaintiff cannot prove supervisory liability.  He has not pointed to any specific action or inaction on the part of the named Defendants that in any way contributed to his injuries. He claims that he filed a series of Administrative Remedy Requests notifying the Wardens of his concerns regarding his medical care.  Defendants, however, were entitled to rely upon the medical judgments made by their prison physicians.  See Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1989); see also Shakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995).

**IV.     CONCLUSION**

For the reasons stated, and by separate order, the Court will GRANT Defendants' Motion, ENTER JUDGMENT in favor of Defendants, and CLOSE Jeter's case.


Dated this 8th day of March, 2007.

>             _____/s/_____
>             Benson Everett Legg
>             Chief Judge